(Reap. Dec. 10122)

QUON QUON CO. *v.* UNITED STATES

Entry No. DE-19380, etc.

(Decided December 12, 1961)

*Stein & Shostak* for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement enumerated in the attached schedules have been submitted upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That with respect to the appeals for reappraisement enumerated in the attached Schedule of Cases marked Schedule A, at the time of exportation of the merchandise covered by the entries the subject of said suits, the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, less cartage, lighterage, coolie hire and handling charges, ocean freight and petty expense, packed.

2. That with respect to the appeals for reappraisement enumerated in the attached Schedule of Cases marked Schedule B, at the time of exportation of the merchandise the subject of said suits, the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, plus packing, as invoiced.

3. That there were no higher foreign values for merchandise such or similar to the merchandise covered by the appeals for reappraisement enuerated in the attached Schedule of Cases marked Schedule A and Schedule B at the time of exportation thereof.

4. That the appeals for reappraisement enumerated in the attached Schedules A and B may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find:

1. That the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise covered by the invoices and entries listed on the attached schedule of cases, marked schedule A, and that such

values are the respective invoiced unit values, less cartage, lighterage, coolie hire and handling charges, and ocean freight and petty expense, packed; and

2. That the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise covered by the invoices and entries listed on the attached schedule of cases, marked schedule B, and that such values are the respective invoiced unit values, plus packing, as invoiced.

Judgment will be rendered accordingly.